IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TERRIE S. HARMON, )
            Plaintiff, )
vs. ) Case No. 10-CV-00613-FHM
MICHAEL J. ASTRUE, )
Commissioner, Social Security )
Administration, )
            Defendant. )

**OPINION AND ORDER**

Plaintiff, Terrie S. Harmon, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's July 17, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held October 29, 2009. By decision dated January 21,2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 22, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Backround

Plaintiff was 52 years old at the time of alleged onset of disability and 54 at the time of the ALJ's decision.  Plaintiff initially applied for Disability Insurance Benefits and Supplemental Security Income Benefits on July 17, 2008 [R. 103-108].  She has a 12th grade education and formerly worked as a stocker, cashier, and in customer service. Plaintiff claims to have been unable to work since December 23, 2007, as a result of degenerative disc disease of the thoracic and cervical spine, obesity, and carpal tunnel syndrome. [R. 23, 114].  At the hearing on October 29, 2009, Plaintiff testified that she has constant pain in her neck that radiates down through her shoulders, arms and hands, and a daily occurrence of headaches [R. 30-31].  Plaintiff also testified that she has tingling, numbness, and crushing pain in her hands due to carpal tunnel syndrome [R. 33].  Plaintiff also has swelling of the hands and at times is unable to hold on to a drinking glass or a fork [R. 34].

**The ALJ's Decision**

The ALJ found that Plaintiff has severe degenerative disc disease of the cervical and thoracic spine, obesity, and bilateral carpal tunnel syndrome [R. 9]. She determined that the Plaintiff has the residual functional capacity (RFC) to perform medium work [2] which would include lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking 6 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; except for frequent handling and fingering and occasional reaching above the shoulder [R. 10]. The ALJ found that the Plaintiff is capable of performing her past relevant work as a cashier as it is generally performed and therefore, concluded that Plaintiff is not disabled as defined by the Social Security Act. [R. 15]. The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps)*; Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiffs' Allegations**

Plaintiff asserts that the case should be reversed because the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that: 1) "The ALJ legally erred in failing to document her findings regarding the physical and mental demands of the Claimant's past work"; 2) "The ALJ ignored the work-related limitations imposed by Dr. Field"; and 3) "The ALJ erred by failing to consider the bilateral carpel tunnel syndrome as a severe impairment." [Dkt. 20 pp. 5, 6].

---

[2] The reference to medium work in the RFC is obviously a drafting error. Elsewhere in the decision the ALJ rejected the State Agency opinion that Plaintiff could perform medium work [R. 14].

3

## Analysis

Plaintiff's medical history is summarized in detail in the ALJ's decision as well as in the parties' briefing on appeal, therefore there is no need to repeat the information.

### Demands of Past Relevant Work

The Plaintiff contends that the ALJ did not properly document her findings of the physical and mental demands of the Plaintiff's past relevant work (PRW). Social Security Ruling (SSR) 82-62,1982 WL 31386, addresses the policy and procedures for determining a claimant's capacity to do PRW. The Ruling states that the rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion. In finding that a claimant has the capacity to return to PRW, the determination must contain the following specific findings of fact: 1) the individual's residual functional capacity (RFC); 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work. *Henrie v. U.S. Dep't of Health & Human Servs.,* 13 F.3d 359, 360-61 (10th Cir. 1993).

The ALJ made RFC findings and found that the Plaintiff is able to perform her PRW as a cashier as it is generally performed [R. 14]. However, the ALJ made no findings about the exertional level of the cashier work in the decision. The ALJ did not discuss the fingering and reaching requirements of that position, nor does the testimony of the vocational expert describe cashier work as it is "generally performed." [R. 45-49]. Thus, there was no meaningful comparison of Plaintiff's prior work with her RFC. The court finds

4

that the ALJ failed to properly consider the physical demands of Plaintiff's PRW as required by *Henrie*.

The case must be remanded because the ALJ failed to develop the record or perform a proper analysis of the demands of Plaintiff's PRW as it was generally performed as required by the Commissioner's own rulings and case law.

### Limitations Imposed by Dr. Field

The Plaintiff began seeing Dr. Field in September 2009 [R. 289, 293]. Dr. Field ordered a thoracic MRI test and an EMG [R. 293]. The EMG revealed moderately severe bilateral medium neuropathies at the right wrist and mild at the left wrist. [R. 290-292]. Dr. Field placed permanent work related restrictions on Plaintiff which included no repetitive work activities over four hours a day and no overhead activities [R. 296]. The ALJ's decision does not address Dr. Fields restrictions. The RFC only precludes work that involves frequent handling and fingering, which may be more handling and fingering than Dr. Field's restriction of no repetitive work activities over four hours per day. However, since the ALJ did not address Dr. Field's restrictions, it is not clear whether the ALJ ignored the restrictions, rejected them, or incorporated them into the RFC. On remand the ALJ is required to address Dr. Field's opinions.

### Consideration of Bilateral Carpal Tunnel Syndrome

The ALJ found that Plaintiff's "medically determinable impairment of bilateral carpal tunnel syndrome would not remain severe for 12 months if she has surgery as recommended." [R. 9]. The meaning of this statement is not entirely clear. The ALJ has

combined the step two severity finding with the 12 month duration requirement and a finding based on the failure to follow prescribed treatment. What the court supposes the ALJ was trying to express is that Plaintiff has a severe and possibly disabling hand impairment caused by carpal tunnel syndrome, but the hand impairment would be resolved within 12 months if Plaintiff were to undergo the recommended surgery. If this is what the ALJ meant, she failed to make the findings of fact required to support such a statement.

The failure to follow prescribed treatment may be an appropriate basis to discount a claimant's complaints however, the ALJ must follow a prescribed analysis. In reviewing the impact of a claimant's failure to undertake treatment on a determination of disability the ALJ must consider: (1) whether the treatment at issue would restore claimants' ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse. *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987). See also (SSR) 82-59, 1982 WL 31384, *2-4. The ALJ's decision does not contain this analysis.

## Conclusion

For the forgoing reasons the decision of the Commissioner is Reversed and the case Remanded for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 24th day of February, 2012.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6